UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00372-GNS-RSE

D.R.E. MEDICAL GROUP, INC. d/b/a
AVANTE MEDICAL SURGICAL                                                          PLAINTIFF

v.

NORVAP INTERNATIONAL, LTD.                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Partial Motion to Dismiss (DN 13). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff D.R.E. Medical Group, Inc. d/b/a Avante Medical Surgical ("DRE") filed this lawsuit alleging that Defendant NorVap International, Ltd. ("NorVap) failed to provide ventilators for use by patients during the COVID-19 pandemic. (Compl. ¶¶ 1-9, DN 1). In its Answer, NorVap asserted, *inter alia*, a counterclaim for unjust enrichment. (Countercl. ¶¶ 50-53, DN 10). In its motion, DRE challenges the assertion of and the sufficiency of the allegations in support of NorVap's unjust enrichment counterclaim. (Pl.'s Mem. Supp. Mot. Dismiss 4-5, DN 13-1).

### II.   JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as there is complete diversity between DRE and NorVap, and the amount in controversy exceeds the sum of $75,000.00.

### III.  STANDARD OF REVIEW

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do on a motion to dismiss a complaint." *Baxter Bailey & Assocs., Inc. v. Powers & Stinson, Inc.*, No. 14-3012, 2015 WL 13091368, at *2 (W.D. Tenn. July 10, 2015). A counterclaim is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the counterclaim in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Rather, the counterclaim "must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

### IV.  DISCUSSION

In support of its motion, DRE advances two arguments: (i) an unjust enrichment claim should be dismissed when it restates a claim for breach of contract; and (ii) the allegations are insufficient to state a claim for unjust enrichment. (Pl.'s Mem. Supp. Mot. Dismiss 4-5).

A. **Breach of Contract**

DRE asserts that NorVap has failed to state a claim for unjust enrichment in Count II of the Counterclaim because Kentucky and other courts have rejected a claim for unjust enrichment couched as a restatement of the breach of contract claim. (Pl.'s Mem. Supp. Mot. Dismiss 4-5). This Court previously addressed this argument in *Carter v. Paschall Truck Lines, Inc.*, 324 F. Supp. 3d 900 (W.D. Ky. 2018), explaining:

> Generally, a [party] may not recover on both a claim for breach of contract and a claim for unjust enrichment. However, . . . a party is permitted pursuant to Fed. R. Civ. P. 8(e)(2) to "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."

*U.S. ex rel. Tillson v. Lockheed Martin Energy Systems, Inc.*, No. 5:00-cv-39-m, 2004 WL 2403114, at *26 (W.D. Ky. Sept. 30, 2004) (citing Fed. R. Civ. P. 8(a); *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 216 F. Supp. 2d 251, 261 (S.D.N.Y. 2002), *abrogated on other grounds by Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258 (S.D.N.Y. 2004); *Tkachyov v. Levin*, 1999 WL 782070, at *5 (N.D. Ill. Sept. 27, 1999) (plaintiff may plead both breach of contract and unjust enrichment alternatively in a single complaint); *Quadion Corp. v. Mache*, 738 F. Supp. 270, 278 (N.D. Ill. 1990) (same); *United States v. Kensington Hospital*, 760 F. Supp. 1120, 1135 (E.D. Pa. 1991) (same)). The court in *Tillson* was ruling on a motion to dismiss for failure to state a claim and held that "at this stage of the litigation, the Court shall permit the Government to retain both the breach of contract claim and an unjust enrichment claim as alternative claims." *Id.*; *see also Burbick v. Premier Steel, L.L.C.*, No. 08-13406, 2008 WL 4756405, at *3 (E.D. Mich. Oct. 23, 2008) (holding that on a motion to dismiss for failure to state a claim, it was proper for the plaintiff to allege a claim for unjust enrichment and breach of contract); *Matthews v. ALC Partner, Inc.*, No. 2:08-cv-10636, 2008 WL 5188760, at *12 (E.D. Mich. Dec. 9, 2008) (holding that it was improper to dismiss a claim for unjust enrichment even when claims for legal remedies had been pleaded when case was in pleading stage rather than remedial stage). While Rule 8 has been amended, the rule still states "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Additionally, the Rule states the relief sought may "include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

*Id.* at 917-18 (citation omitted); *see also Miller v. Can. Nat'l R.R. Co.*, No. 2:19-CV-02152-JTF-cgc, 2020 WL 1076046, at *6 (W.D. Tenn. Mar. 6, 2020) ("[T]he R. & R. found that the CN Parties' counterclaim of unjust enrichment (Count V) was adequately pled and should not be dismissed because Rule 8 of the Federal Rules of Civil Procedure specifically permits parties to plead alternative theories of recovery. . . . [E]ven though the CN Parties have argued the existence of a contract that would provide a legal remedy for their alleged damages, it is within the scope of Fed. R. Civ. P. 8(d)(2) for the CN Parties to also allege unjust enrichment as an alternative theory of recovery.  Therefore, Plaintiff's motion to dismiss the counterclaim for unjust enrichment should be denied as well.").

Thus, while NorVap has asserted counterclaims for both breach of contract and unjust enrichment, the Court declines to dismiss the unjust enrichment counterclaim on this basis.

### B. Sufficiency of Unjust Enrichment Allegations

DRE also challenges the sufficiency of the allegations supporting NorVap's unjust enrichment counterclaim. (Pl.'s Mem. Supp. Mot. Dismiss 5).  In particular, DRE asserts that the counterclaim "fails to allege any facts that could establish the remaining elements—namely that DRE had a resulting appreciation of a benefit from NorVap, and that DRE inequitable retained such a benefit without paying for its value." (Pl.'s Mem. Supp. Mot. Dismiss 5).

Under Kentucky law, the elements of unjust enrichment are: "(1) [a] benefit conferred upon [the counterclaim] defendant at [the counterclaim] plaintiff's expense; (2) a resulting appreciation of benefit by [the counterclaim] defendant; and (3) inequitable retention of benefit without payment for its value." *Collins v. Ky. Lottery Corp.*, 399 S.W.3d 449, 455 (Ky. App. 2012) (citing *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009)).

In its unjust enrichment counterclaim, NorVap alleges:

> 50. NorVap re-alleges and incorporates by reference, as if set forth fully herein, each and every allegation set forth in the Counterclaim above.
> 51. DRE has benefited and been unjustly enriched to NorVap's detriment in that DRE has received the benefit of NorVap's agreement to manufacture 800 ventilators for DRE without having to provide any product, service, or payment of comparable value to NorVap.
> 52. It would be inequitable to permit DRE to retain the benefit it received as a result of NorVap's agreement to manufacture 800 ventilators, as DRE misled NorVap into agreeing to manufacture such 800 ventilators and NorVap has not received full payment for same.
> 53. As a direct and proximate result of DRE's inequitable actions, NorVap has suffered and continues to suffer damages in an amount in excess of the jurisdictional limit of this Court, including but not limited to the $1,755,000 now due and owing by DRE to NorVap.

(Countercl. ¶¶ 50-53). While NorVap asserts that those allegations are sufficient, those allegations sound more like a promissory estoppel claim than an unjust enrichment claim.

As a sister court has noted, the general purpose of unjust enrichment claims is "to compensate for benefits received, not loss suffered." *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 974 (E.D. Ky. 2019). While the allegations assert that a benefit was conferred on DRE, there are no facts describing what benefit DRE received from the ventilators it initially ordered but did not purchase. The mere recitation of the elements of a claim without factual support does not suffice. *See Tackett*, 561 F.3d at 488 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the motion will be granted.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Partial Motion to Dismiss (DN 13) is **GRANTED**.

Greg N. Stivers, Chief Judge
United States District Court

June 29, 2022

cc:   counsel of record